Craig B. Friedberg, Esq.
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
(702) 435-7968 – telephone
attcbf@cox.net

James J. Parr, Esq. [1]
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6317921
4809 N. Ravenswood Avenue, Suite 409
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com

*Attorneys for Plaintiff, Tracy Ariff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TRACY ARIFF, <br><br> Plaintiff, <br><br> v. <br><br> TDS FINANCIAL, LLC; and TYLER STONE, <br><br> Defendants. | Case No.: 2:21-cv-1380 |

## PLAINTIFF'S COMPLAINT

Plaintiff, TRACY ARIFF ("Plaintiff"), by and through her attorneys, alleges the following against Defendants, TDS FINANCIAL, LLC and TYLER STONE ("TDS" and "Stone" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

---

[1] Illinois counsel will comply with LR IA 11-2 and move for pro hac vice admission within 30 days.

1

2. Count II of Plaintiff's Complaint is based on the Nevada Deceptive Trade Practices Act, NRS 598 *et seq.* and NRS 41.600 ("NDTPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Henderson, Clark County, State of Nevada.

7. Plaintiff is a consumer as that term is defined by the FDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. TDS is a debt collector as that term is defined by the FDCPA.

10. Stone is a debt collector as that term is defined by the FDCPA.

11. TDS is a California limited liability company headquartered in the City of Temecula, Riverside County, State of California.

12. Stone is a natural person residing in the City of Menifee, Riverside County, State of California.

13. Defendants also hold themselves out as "Apex Capital Consulting", which does not appear to be a properly registered assumed name.

14. Defendants are business entities and/or individuals engaged in the collection of debt within the State of Nevada.

15. Within the last year of Plaintiff filing her Complaint, Defendants attempted to collect a consumer debt from Plaintiff.

16. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with TDS it is assigned a file number.

18. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

19. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Tracy Ariff v. TDS Financial, LLC*

22. TDS is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Capital One credit card account.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. TDS places collection calls to Plaintiff in an attempt to collect the alleged debt.

25. TDS calls Plaintiff's cellular telephone at 941-875-1021 in an attempt to collect the alleged debt.

26. TDS calls Plaintiff from several numbers, including 909-284-5687, which is one of TDS's telephone numbers.

27. Plaintiff has answered at least one of TDS's collection calls.

28. During the above-referenced calls:

    a. TDS's collector, who represented that his name was "Zach Collins", demanded immediate payment from Plaintiff to pay the alleged debt or TDS would sue Plaintiff; and

    b. TDS's collector claimed that he was calling from "ACC Legal Firm".

29. *Arguendo*, if Plaintiff does owe an alleged debt arising from a Capital One credit card account, it would have been incurred in approximately 2007.

30. There have been no further transactions with regard to the alleged debt since approximately 2007.

31. The applicable statute of limitations in Nevada to bring legal action to collect on the alleged credit card debt as an open account is not more than four (4) years.

32. *Arguendo*, the applicable statute of limitations in Nevada to bring legal action to collect on the alleged credit card debt as a written contract is not more than six (6) years.

33. In any event, the statute of limitations has long passed for bringing legal action against Plaintiff to collect on the alleged debt.

34. In its communications with Plaintiff regarding the alleged debt:

    c. TDS attempted to collect a time-barred debt from Plaintiff without disclosing that TDS could not sue Plaintiff to collect on the alleged debt;

    d. TDS attempted to collect a time-barred debt from Plaintiff without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations; and

    e. TDS attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

35. To date, Plaintiff has not paid the alleged debt.

36. To date, Defendants have not sued Plaintiff.

37. Defendants have never intended to sue Plaintiff.

38. At all times relevant hereto, TDS is not a law firm and does not employ any attorneys.

39. At all times relevant hereto, "Zach Collins" is not an attorney.

40. TDS's above-referenced actions were calculated to frighten and coerce Plaintiff into payment of the alleged debt.

41. The natural consequences of TDS's statements and actions was to produce an unpleasant and/or hostile situation between TDS and Plaintiff.

42. The natural consequences of TDS's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

43. The natural consequences of TDS's actions was to cause Plaintiff mental distress.

*Tracy Ariff v. Tyler Stone*

44. At all relevant times, acting alone or in concert with others, Stone has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of TDS and its employees, including the acts and practices set forth in this Complaint.

45. Stone is an owner of TDS.

46. Stone is a member of TDS.

47. Stone is the chief executive officer of TDS.

48. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

49. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

**COUNT I:**
**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

50. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when TDS employed the above-referenced unlawful debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

   b. Defendants violated § 1692d(6) of the FDCPA by TDS's placement of telephone calls without meaningful disclosure of the caller's identity when TDS's collector failed to disclose that he was calling from TDS Financial, LLC;

   c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when TDS engaged in, at least, the following discrete violations of § 1692e;

   d. Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when TDS's collector made the empty threats that TDS would sue Plaintiff;

   e. Defendants further violated § 1692e(2)(A) of the FDCPA when TDS attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

   f. Defendants violated § 1692e(3) of the FDCPA by its false representation or implication that any individual is an attorney or that any communication is from an attorney as detailed above;

   g. Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when TDS's collector made an empty threat to sue Plaintiff if she did not immediately pay the alleged debt;

   h. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when TDS engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

   i. Defendants further violated § 1692e(10) of the FDCPA when TDS created the false impression on Plaintiff that Defendants was permitted by law to engage in unlawful collection tactics with impunity;

   j. Defendants violated § 1692e(14) of the FDCPA its use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization as detailed above;

   k. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when TDS engaged in all of the

misconduct alleged herein; and

l. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when TDS's collector demanded immediate payment of the alleged debt and threatened Plaintiff with a lawsuit if she did not pay the alleged debt.

## COUNT II:
## DEFENDANTS VIOLATED THE NEVADA DECEPTIVE TRADE PRACTICES ACT

51. Plaintiff repeats and re-alleges paragraphs 1-50 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

52. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA.

   a. Defendants' conduct violated NRS 598.0915(15), 598.092(8) and 598.023(3) by violating the FDCPA, a federal statute, as detailed in Count I above; and

   b. Through each and every violation of the NDTPA, DefendantS committed "consumer fraud" as defined by NRS 41.600(2)(e).

WHEREFORE, Plaintiff, TRACY ARIFF, respectfully requests judgment be entered, both jointly and severally, against Defendants, TDS FINANCIAL, LLC and TYLER STONE, for the following:

a. Actual damages;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

d. As a result of each and every violation of the NDTPA and act of "consumer fraud" by Defendants, Plaintiff is entitled to damages pursuant to NRS 41.600(3)(a);

e. Equitable relief that the court deems appropriate, pursuant to NRS 41.600(3)(b);

f. Reasonable attorneys' fees and costs pursuant to NRS 41.600(3)(c); and

g. Any other relief that this Honorable Court deems appropriate.

DATED: July 22, 2021 

Respectfully submitted,
LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.


By: /s/ *Craig Friedberg*
    Craig B. Friedberg

-and-

James J. Parr, Esq.
AGRUSS LAW FIRM, LLC
Illinois Bar No.: 6317921
4809 N. Ravenswood Avenue, Suite 409
Chicago, IL 60640
(312) 224-4695 – telephone
(312) 253-4451 – facsimile
james@agrusslawfirm.com
*Attorneys for Plaintiff, Tracy Ariff*